## Frank Andree, Defendant in Error, v. George W. Sheehan, Plaintiff in Error.

### Gen. No. 20,555.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

### Statement of the Case.

Action by Frank Andree, plaintiff, against George W. Sheehan, defendant, in the Municipal Court of Chicago, to recover on contract.   To reverse a judgment for plaintiff for $330, defendant prosecutes this writ of error.   The original action was of the fourth class, in contract, against the defendant, together with one Walter E. Lund and the Merchants Pulverizing Company, a corporation.   Defendant Lund was never served, and at the conclusion of plaintiff's evidence the court ordered the action dismissed as to the corporation defendant, and that the trial proceed against defendant Sheehan.

It appeared from the evidence that April 3, 1911, plaintiff gave defendant a written option to purchase certain machinery for "one-tenth interest in a new company."   Plaintiff had previously given such an option to one Fiedler for $1,500.   On June 14th, defendant and Lund, as first parties, made a written contract with Fiedler, as second party, wherein first parties agreed, *inter alia,* to organize an Illinois corporation, to be known as the Merchants Pulverizing Company, to which second party was to transfer the machinery in consideration of receiving one-tenth of its stock, and this part of the agreement was duly carried out.   The fourth clause of the agreement provided that the first parties "will pay all the money necessary for the purpose of completely setting up and installing the said

machinery and pay for all the material necessary to be used in and about the installation of the same."

Plaintiff testified, substantially, that shortly after the written option of April 3, 1911, was signed, defendant requested plaintiff to do the engineering work in installing the machinery, which he commenced on April 29th, and was engaged thereon for thirty-three days, during the period from April 29th to June 9th; that a fair and reasonable charge for such work was $10 per day; and that while at work installing the machinery defendant visited the premises several times and expressed satisfaction with the progress of the work. Plaintiff also testified that defendant said to plaintiff: "Go ahead and put in the machinery and see that everything is set up. * * * I fix you up and pay you for whatever labor you do and time you lose there."

Defendant admitted saying to plaintiff that "we" would pay expenses of hauling machinery and pay "millwrights to put up the machinery," but denied any promise to pay plaintiff for installing it.

The corporation was not fully organized until after plaintiff performed the labor sued for.

On September 18, 1911, under instructions from Sheehan and Lund, representing the corporation, an attorney at law secured a written release from plaintiff to the said corporation of "whatever right, title or interest, if any, I may have or might claim against or in * * * the goods, chattels and property, * * * now located at the plant of the Merchants Pulverizing Company * * * and delivered, obtained and installed under or pursuant to a certain option dated April 3, 1911, and signed by me." Defendant testified that this release was obtained to "finish our records."

THOMPSON, CLARK & STEVENSON, for plaintiff in error; MORTON J. STEVENSON, of counsel.

BAKER & HOLDER, for defendant in error; G. RAYMOND COLLINS, of counsel.

Mr. Presiding Justice Gridley delivered the opinion of the court.

## Abstract of the Decision.

1. Parties, § 26*—*when joint obligor not necessary party.* A written contract between two persons as first parties and another as second party, containing a promise by such first parties for the benefit of third persons, does not make parties to the contract copartners, so as to make such second party a necessary party in an action by one of those benefited to recover on the contract, although both such first parties are proper parties to such action, if served, and if the question of their joint liability is raised in the trial court.

2. Contracts, § 224*—*how provisions construed.* In an action to recover on a promise contained in a contract to which plaintiff was not a party, which promise was to "pay all the money necessary for the purpose of completely setting up and installing the said machinery," contract construed and clause quoted *held* to be a promise for the benefit of third persons to pay for all the labor done in installing said machinery.

3. Release, § 16*—*how construed.* A release of "whatever right, title or interest, if any, I may have or might claim against or in * * * the goods, chattels and property" located at a named place and obtained under an option of a named date, *held* not to operate to release a claim for labor performed in setting up machinery obtained under the option and located at the place named, where it appeared that the release contained no reference to such claim for services, and that the object of obtaining such release was merely to finish the records of the corporation owning the machinery.

4. Contracts, § 384*—*when evidence sufficient to support judgment in action on.* In an action to recover on a contract containing a promise for the benefit of third persons, where plaintiff was one of the class intended to be benefited by such promise, evidence *held* to support a verdict for plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.